**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ALLEN LEON STRICKLAND,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 7:11-CV-115-HL-TQL** |
| **VS.** | : | |
| | : | |
| **STATE OF GEORGIA and** | : | |
| **LOWNDES  and BRADLEY** | : | |
| **Medical Nurse,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

Plaintiff **ALLEN LEON STRICKLAND**, a prisoner at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis* (IFP), and for the purpose of the present Order,  Plaintiff will be permitted to proceed without prepayment of the filing fee.

However, because Plaintiff seeks to proceed IFP, this Court is required to screen his Complaint and Supplement pursuant to 28 U.S.C. § 1915A.   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."   In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of

state law.  Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide the necessary factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003); 28 U.S.C. §1915A(b).

In this case, the Complaint essentially alleges that Plaintiff is entitled to be released from prison and that officials continue to hold him unlawfully.  He claims that he has not been provided a copy of the warrant, bond, or charge in his criminal case, has informed "Captain Clifton that they cannot charge [him] with jeopardy" or "trumped up charges," and has contacted the relevant district attorney regarding his right to a speedy trial.  The Complaint also alleges that this Court ordered, in previous case Strickland v. State of Georgia, 7:11cv89-HL (M.D. Ga. July 18, 2011), that he "be given [a] release date or released."  That is simply not the case. This Court dismissed Plaintiff's prior lawsuit for numerous reasons, including failure to state a claim. (See Order, July 18, 2011).

Plaintiff's present Complaint must also be dismissed for a number of reasons.  First of all, Plaintiff's only named defendant is the State of Georgia, which is not a suable entity.  See e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (state is not a "person" for purposes of section 1983 liability).  Second, this Court never ordered his release.  In fact, this suit is not even the appropriate vehicle to seek such relief.  As Plaintiff was previously advised, the proper method for a state prisoner to challenge the fact or length of his confinement is through a writ of habeas corpus, following the exhaustion of state court remedies, not a civil suit.  See Preiser v. Rodriguez, 411 U.S. 475, 499 n.14 (1973); Thomas v. Crosby, 371 F.3d 782 (11th Cir. 2004).  Finally, Plaintiff's criminal prosecution appears to be on-going.  Thus, the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971), requires that the district court abstain from interfering with Plaintiff's state criminal proceeding.

Accordingly, the Court finds that Plaintiff's Complaint seeks relief from a nonsuable entity and otherwise fails to state a claim upon which relief may be granted.  Thus, while IFP status hereby is **GRANTED**, Plaintiff's present Complaint is, nonetheless, due to be **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 19th day of September 2011.

_**s/ Hugh Lawson**_
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr